# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| CHARLOTTE ANN THURWANGER | § | |
| | § | |
| V. | § | CASE NO. 4:14-CV-243 |
| | § | Judge Mazzant |
| TARGET CORPORATION | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion for Summary Judgment (Dkt. #13). After considering the motion, the responses, and the relevant pleadings, the Court finds the motion should be granted.

## BACKGROUND

Plaintiff contends that in August of 2012, she was injured while walking on a sidewalk between a group of stores and a Target store located at 2025 N. Central Expressway, McKinney, Texas 75070 (Dkt. #21 at 1). Plaintiff asserts that while walking, she tripped and fell on an unmarked, extended curb being used by Defendant Target Corporation ("Target") for shopping cart storage. Plaintiff contends that as a result of her fall, she was seriously injured requiring significant medical treatment including surgery.

On June 27, 2014, Defendant filed its motion for summary judgment (Dkt. #13). On October 31, 2014, Plaintiff filed her response (Dkt. #21). On November 10, 2014, Defendant filed its reply (Dkt. #22).

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits

1

"[show] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The trial court must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment. *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981) (citations omitted). The substantive law identifies which facts are material. *Anderson,* 477 U.S. at 248. The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Id.* at 247. If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dallas Morning News*, *Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248-49). The nonmovant must adduce affirmative evidence. *Anderson*, 477 U.S. at 257. The Court must consider all of the evidence but refrain from making any credibility determinations or weighing the evidence. *See Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

# ANALYSIS[1]

Plaintiff asserts a claim for negligence against Defendant Target Corporation. Negligence law and premises liability law are separate and distinct bodies of law in Texas, and the application of one versus the other turns on what caused an injury. *See, e.g., In re Texas Dep't of Transp.*, 218 S.W.3d 74, 77-78 (Tex. 2007); *Timberwalk Apartments, Partners v. Cain*, 972 S.W.2d 749, 753 (Tex. 1998); *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). To pursue relief for an injury under negligent activity law, an injury must flow from ongoing, contemporaneous activity rather than a condition created by that activity. *Keetch*, 845 S.W.2d at 264. An injury is the contemporaneous result of a negligent activity where the evidence shows that the activity occurred near both the time and location of the injury. *Kroger Co. v. Persley*, 261 S.W.3d 316, 320 (Tex. App.-Houston [1st Dist.] 2008, no pet.). On the other hand, a cause of action rooted in premises liability arises from property conditions that make it unsafe. *In re Texas Dep't*, 218 S.W.3d at 77. Because Plaintiff was allegedly injured by a condition of the premises and not by a contemporaneous activity, Plaintiff's course of recovery against Defendant sounds solely in premises liability. Thus, the Court finds Plaintiff's cause of action for negligence should be dismissed.

The elements of a cause of action for premises liability include: (1) the existence of a condition of the premises creating an unreasonable risk of harm; (2) that the premises owner/occupier knew, or should have known, of the existence of that condition; (3) that the premises owner/occupier failed to use reasonable care to reduce or eliminate the risk by rectifying or warning of the condition; and (4) that such failure was a proximate cause of the incident and of Plaintiff's injuries. *Keetch*, 845 S.W.2d at 264. Defendant asserts that Plaintiff

---

[1] Defendant objects to exhibits two through seven, and portions of the affidavit of Plaintiff submitted in support of Plaintiff's response to the motion for summary judgment (Dkt. #22 at 1-3). After a review of Defendant's objections, the Court finds they are overruled.

has no evidence that the condition of the premises, the unmarked curb, created an unreasonable risk of harm. Defendant also asserts that Plaintiff has no evidence that Defendant knew or should have known of the existence of that condition.

First, Plaintiff contends that the unmarked, unguarded curb was an unreasonably dangerous condition. Plaintiff asserts that after she tripped and fell on the curb, Target placed a shopping cart over the top of the unmarked, unguarded curb. In addition, Plaintiff asserts that the cart storage areas at other Target locations have been configured in different ways to avoid similar accidents.

A premises possessor, such as Target, owes its invitees, such as Plaintiff, a duty to exercise reasonable care to protect them from dangerous conditions in the store that are known or reasonably discoverable – but the premises possessor is not an insurer of their invitee's safety. *See Wal-Mart Store, Inc. v. Gonzalez*, 968 S.W.2d 934, 936 (Tex. 1998) (citing *McElhenny v. Thielepape*, 285 S.W.2d 940, 941 (Tex. 1956)). "A condition poses an unreasonable risk of harm for premises defect purposes when there is a 'sufficient probability of a harmful event occurring that a reasonably prudent person would have foreseen it or some similar event as likely to happen.'" *Cardner v. Home Depot U.S.A., Inc.*, 561 F. Supp. 2d 640, 644 (E.D. Tex. 2006) (citing *CMH Homes v. Daenen*, 15 S.W.3d 97, 99 (Tex. 2000)). Texas law holds that many conditions of a premises may pose a risk of harm, but not necessarily an unreasonable one. For example, [D]irt containing small rocks is not an unreasonably dangerous condition for which a landlord may be held liable as a matter of law." *Johnson Cnty Sheriff's Posse, Inc. v. Endsley*, 926 S.W.2d 284, 287 (Tex. 1996). Similarly, naturally accumulating mud or ice, accumulating without the assistance of unnatural contact, is not a condition posing an unreasonable risk of harm. *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 676 (Tex. 2004); *Scott and White Memorial*

*Hospital v. Fair*, 310 S.W.3d 411, 414 (Tex. 2010). This same analysis applies to structures constructed on the premises. In *CMH Homes, Inc. v. Daenen*, the Texas Supreme Court "rejected the argument that stairs were unreasonably dangerous merely because the premises owner knew they would eventually become unstable with use." *Brookshire Grocery Co. v. Taylor*, 222 S.W.3d 406, 407 (Tex. 2006) (citing *CMH Homes*, 15 S.W.3d at 100-101). In so holding, the Texas Supreme Court stated, "[t]here is no evidence that the step and platform unit on which [injury occurred] was a dangerous condition from the inception of its use." *CMH Homes*, 15 S.W.3d at 100-101. In *City of San Antonio v. Rodriguez*, the Texas Supreme Court held that water on the floor of a basketball court could be an unreasonably dangerous condition, but not the leaky roof that would eventually allow water to drip onto the floor if it rained. 931 S.W.2d 535, 536-37 (Tex. 1996). In *H.E. Butt Grocery Co. v. Resendez*, the Texas Supreme Court held that a grocery store's self-service display of loose grapes standing on a non-skid floor and surrounded by mats and warning cones was not an unreasonably dangerous condition; rather, the grape on which the plaintiff slipped was the dangerous condition. 988 S.W.2d 218, 218-19 (Tex. 1999).

Here, there is no evidence that the curb was set up in such a way that the curb was unreasonably dangerous, or that customers were prone to more accidents around this curb. While Plaintiff's evidence suggests that there were other configurations for shopping cart storage available, this is not evidence that the curb itself was unreasonably dangerous, "since it is almost always the case that something more could have been done to prevent a customer from being struck by an article falling off a shelf or from slipping on the floor. A condition is not unreasonably dangerous simply because it is not foolproof." *Brookshire Grocery*, 222 S.W.3d at 408. Further, "[e]vidence that an owner or occupier knew of a safer, feasible alternative design,

5

without more, is not evidence that the owner knew or should have known that a condition on its premises created an unreasonable risk of harm." *CMH Homes*, 15 S.W.3d at 101-102. Thus, the Court finds that Plaintiff failed to meet her burden at summary judgment to demonstrate that there was a condition of the premises that was unreasonably dangerous. For this reason, the Court finds Defendant's motion is granted.

## CONCLUSION

Based on the foregoing, the Court finds that Defendant's Motion for Summary Judgment (Dkt. #13) is hereby **GRANTED.**

**SIGNED this 7th day of January, 2015.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE